The granting new trials is a matter in the legal discretion of the court; and if it were not so, injustice must often be done. The only matter in the affidavit filed in this case which we shall notice, is the mistake or error of the jury in calculating interest on the credits to be allowed the defendant. When this case went to the jury there was no controverted fact, upon which they had to decide in making out their verdict. The plaintiff's claim was founded *Page 481 
on an administration account, which had been corrected in the Orphans' Court, and the balance upon it was admitted to be $3,330 10. That balance was composed of principal and interest up to the 19th of May, 1835, and the court told the jury that the plaintiff was entitled to interest upon that balance, after deducting the credits. These credits consisted of three payments made to the guardian of Mrs. Hazzard, before the passing of the administration account, and necessaries furnished to her before she had a guardian, all of which were admitted by the plaintiff to be correct after inspecting the vouchers. These items had been passed in a trustee account, and the only matters controverted were the interest upon them, the charge for commissions, and the fees for passing that account. The commissions and fees the court decided were not a legal charge, and directed the jury not to allow them to the defendant; but, as to the interest, the court told the jury that, as the defendant was charged with interest on all that was in his hands as administrator, he was legally entitled to interest on these sums paid by him on account of Mrs. Hazzard, and directed the jury to allow such sums with interest up to the date of the administration account, by deducting them from the amount of that account, principal and interest, as of the date of May 19th 1835; and then to calculate interest on, the balance against the defendant up to the present time. Both the parties were requested to prepare a statement showing the balance due on these principles, which the plaintiff's council declined to make, and objected to the allowing any statement made by the defendant's counsel to go before the jury. Under these circumstances, the court directed the jury to make the calculation themselves, which they voluntarily returned with their verdict, and which shows that the principles which the court announced as the law governing the case, were not followed out.
But apart from this statement of the jury, the court know beyond a possibility of doubt, that the jury could not have arrived at the result they did on the principles announced by the court; it being a mere matter of calculation on admitted data. The jury, therefore, either through mistake or disregard of the law as stated in the the charge, returned a verdict against the law and the facts, which the court are bound to correct in the only way that is now left open for the attainment of justice, and that is by setting aside the verdict and ordering a new trial.
Another jury was then empannelled, and by the agreement of both sides rendered a verdict for $3,109 84. *Page 482